1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

JAROLD ANDRE WALTON,

Petitioner,

vs.

LARRY SMALL, Warden,

Respondent.

CASE NO. 08-CV-02131-H (POR)

**ORDER:**

**(1) ADOPTING REPORT AND RECOMMENDATION**

**(2) DENYING PETITION FOR WRIT OF HABEAS CORPUS**

On November 14, 2008, Jarold Andre Walton ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner challenges his convictions for attempted murder, assault with a firearm, and possession of a firearm by a felon, alleging constitutionally ineffective trial and appellate counsel. (Id.) On February 9, 2009, Respondent filed an answer to the Petition. (Doc. No. 9.) On December 18, 2009, the magistrate judge issued a Report and Recommendation ("R&R") that the Court deny the Petition. (Doc. No. 22.) On January 25, 2010, Petitioner filed an objection to the R&R. (Doc. No. 24.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits the matter on the papers. For the reasons set forth below, the Court ADOPTS the R&R and DENIES the Petition.

///

**Background**

On May 31, 2005 a jury found Petitioner guilty of attempted murder, assault with a firearm, and possession of a firearm by a felon. (Lodgment No. 1 at 124-26.) Petitioner appealed his convictions to the California Court of Appeal presenting claims which are not raised here. (Lodgment Nos. 2-4.) On July 26, 2005, the Court of Appeal affirmed the convictions. (Lodgment No. 5.) Petitioner filed a petition for review in the California Supreme Court presenting the same claims as were presented to the appellate court. (Lodgment No. 6.) On October 11, 2006, the California Supreme Court denied the petition without prejudice. (Lodgment No. 7.)

On October 9, 2007, Petitioner filed a habeas petition in the San Diego County Superior Court alleging ineffective assistance of trial counsel. (Lodgment No. 8.) On November 13, 2007, the Superior Court denied the petition on the merits. (Lodgment No. 9.)

On January 3, 2008, Petitioner filed a habeas petition in the California Court of Appeal presenting ineffective assistance of trial and appellate counsel claims. (Lodgment No. 10.) On April 11, 2008, the appellate court denied the petition on the merits. (Lodgment No. 12.) On April 30, 2008, Petitioner filed a habeas petition to the California Supreme Court presenting the same ineffective assistance of trial and appellate counsel claims. (Lodgment No. 13.) On October 1, 2008 the California Supreme Court denied the petition. (Lodgment No. 14.)

**Discussion**

**I. Scope of Review and Applicable Legal Standard.**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to any portion of a magistrate judge's report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id.

The amended Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") 28 U.S.C. § 2254(d) provides the following standard of review applicable to state court decisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the

adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A federal court may grant habeas relief under the "contrary to" clause of § 2254(d)(1) if a state court either (1) "applies a rule that contradicts the governing law set forth in [the Court's] cases" or (2) "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

A federal court may grant habeas relief under the "unreasonable application" clause of § 2254(d)(1) if the state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407. A federal court may also grant habeas relief "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. The state court's "unreasonable application" must be objectively unreasonable to the extent that the state court decision is more than merely incorrect or erroneous. See Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003).

Habeas relief is also available under § 2254(d)(2) if Petitioner can demonstrate that the factual findings upon which the state court's adjudication of his claims rest are objectively unreasonable. See Miller-El v. Cockrell, 537 U.S. 322, 340 (2003). The state court's factual determinations are presumed to be correct and Petitioner has the burden of rebutting this presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Summer v. Mata, 449 U.S. 539, 545-47 (1981).

Additionally, even if a state court decision is contrary to United States Supreme Court precedent or rests on an unreasonable determination of facts in light of the evidence, Petitioner

1    must show that such error cause substantial or injurious prejudice. <u>See</u> <u>Penry v. Johnson</u>, 532

2    U.S. 782, 795 (2001) (quoting <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 637-38 (1993)). AEDPA

3    creates a highly deferential standard towards state court rulings and are thus given the benefit

4    of the doubt. <u>See</u> <u>Womack v. Del Papa</u>, 497 F.3d 998, 1001 (9th Cir. 2007).

5    **II. Ineffective Assistance of Trial Counsel Claim.**

6        Petitioner first contends that his trial counsel violated his Sixth Amendment right to

7    effective assistance of counsel because his trial counsel failed to (a) call Cory Perkins as an

8    alibi witness and to adequately investigate Aubreon Brown prior to calling her as an alibi

9    witness; (b) investigate and interview a 911 caller; (c) impeach the victim with prior

10    inconsistent statements; (d) effectively cross-examine a deputy sheriff regarding an

11    identification of the shooter; and (e) object to the prosecutor's misleading and false assertions

12    during opening statements and closing argument. (Doc. No. 1 at 12-24.)

13        To state a claim for ineffective assistance of counsel, Petitioner must demonstrate (1)

14    trial counsel's performance was deficient, and (2) trial counsel's deficient performance

15    prejudiced Petitioner. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). To show

16    deficient performance, Petitioner must demonstrate that "counsel made errors so serious that

17    counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth

18    Amendment." <u>Id.</u> The court gives counsel's conduct deference and there is a strong

19    presumption that counsel's conduct fell within the broad range of acceptable representation.

20    <u>See</u> <u>Hensley v. Crist</u>, 67 F.3d 181, 184 (9th Cir. 1995).

21        In order to demonstrate prejudice, Petitioner need only show a reasonable probability

22    that the result of the proceeding would have been different absent the errors. <u>See</u> <u>Williams</u>, 529

23    U.S. at 406; <u>Strickland</u>, 466 U.S. at 694. The court considers the prejudice inquiry in light of

24    the strength of the prosecution's case. <u>Luna v. Cambra</u>, 306 F. 3d 954, 966 (9th Cir.), <u>amended</u>,

25    311 F.3d 928 (9th Cir. 2002).

26    ///

27    ///

28    ///

**A. Failure to call Cory Perkins and adequately investigate Aubreon Brown**

Petitioner first claims that trial counsel gave ineffective assistance because he failed to call Cory Perkins as an alibi witness and failed to properly investigate Aubreon Brown prior to calling her as an alibi witness. (Doc. No. 1 at 12-14.) Petitioner alleges that he was at home playing video games with Cory Perkins, his nineteen year-old stepson, at the time of the crime. (Id. at 12.) Trial counsel called five alibi witnesses to that fact, including Sessely Jackson (Petitioner's fiancé at the time of the crime and his wife at the time of trial) and Aubreon Brown (Jackson's fifteen-year-old daughter). (Doc. No. 1 at 12-14; Doc. No. 21 at 3-5.)

Counsel has a duty to make reasonable investigations or to make a reasonable decision that would render an investigation unnecessary. Strickland, 466 U.S. at 691. The duty to investigate, however, is not limitless and not every conceivable witness needs to be interviewed. Hendricks v. Calderon, 70 F.3d 1032, 1040 (9th Cir. 1995). A lawyer who does not adequately investigate and introduce evidence that either actually demonstrates or raises sufficient doubts as to his client's innocence has rendered deficient performance to his client when it undermines the confidence in the ultimate verdict. Avila v. Glaza, 297 F.3d 911, 919 (9th Cir. 2002) (citing Hart v. Gomez, 174 F.3d 1067, 1070 (9th Cir. 1999)).

The state appellate court noted that Petitioner failed to meet his burden to show counsel's deficient performance because "there is no evidence in the record that trial counsel failed to interview potential alibi witness Cory Perkins, that Perkins was available to testify, that Perkins would have actually provided an alibi for Walton, or that Perkins would have been more credible than the other alibi witnesses." (Lodgment No. 12 at 4.) Unlike counsel in Avila, who completely failed to investigate and failed to call any witnesses to corroborate the defendant's alibi defense, here, trial counsel called five alibi witnesses, and the record shows no evidence that trial counsel failed to investigate and interview Perkins. See 297 F.3d at 920, 924. Thus, Petitioner has not demonstrated trial counsel's decision not to call Cory Perkins constitutes deficient performance or prejudiced Petitioner.

Petitioner has not established prejudice from the failure to present Perkins' cumulative testimony, and has not demonstrated prejudice from the decision to call Aubreon as a witness.

1  Accordingly, the Court concludes that Petitioner was not deprived of a fair trial under the test

2  of Strickland. 466 U.S. at 687.

3  **B. Failure to investigate and interview Al Lopez**

4  Petitioner next contends that trial counsel provided ineffective assistance of counsel

5  because counsel failed to interview Al Lopez, one of the people who called 911 shortly after

6  the shots were fired. (Doc. No. 1 at 15; Doc. No. 24 at 3.) While Petitioner claims that Lopez's

7  evidence would have "supported Petitioner's case in some respects," Petitioner ignores the

8  possibility that Lopez's testimony may have done more harm than good. (Doc. No. 24 at 3.)

9  Lopez's statement was consistent with the victim's and the other prosecution witness's account

10  that Petitioner's car went past the apartments, turned around, pulled into the parking lot, after

11  a minute backed out, reparked, and the driver called the victim over and shot him. (Doc. No.

12  1 at 34.)  This statement may have damaged Petitioner's defense because it contains evidence

13  that the shooting may have been premeditated.

14  Petitioner further claims that counsel could have called Lopez to call into question the

15  eyewitness testimony that Petitioner was the shooter. However, both the victim and his sister

16  knew Petitioner and were familiar with the car he was allegedly driving. (Lodgment No. 15

17  at 86-90, 133-51.) Lopez would have only been able to testify that he did not identify

18  Petitioner from a number of photographs and that he was able to partially read the license plate

19  of the car at the scene of the crime, but the additional evidence of planning and premeditation

20  could have been more damaging to Petitioner's defense. (Doc. No. 1 at 34; Doc. No. 24 at 3-4.)

21  Accordingly, Petitioner has not demonstrated any ineffective assistance of counsel. See

22  Strickland, 466 U.S. at 689.

23  **C. Failure to impeach the victim with prior inconsistent statements**

24  Petitioner next contends that trial counsel provided ineffective assistance of counsel

25  because counsel failed to impeach victim with a prior inconsistent statement made to a defense

26  investigator. (Doc. No. 1 at 18.) The appellate court noted that the statement might have

27  undermined Petitioner's defense that Petitioner had no reason to harm the victim and that

28  Petitioner's wife could provide alibi testimony. (Lodgment No. 12 at 4-5.) Additionally, the

victim testified on cross-examination that although the only person he saw in the car was Petitioner, he thought he might have heard Jackson's voice coming from perhaps another car nearby. (Lodgment No. 15 at 117.) Had trial counsel impeached the victim with the statement, it would have highlighted the victim's testimony that Jackson might have been nearby encouraging Petitioner to shoot. Accordingly, Petitioner has not shown ineffective assistance of trial counsel since trial counsel could have made a reasonable tactical decision to not impeach the victim with the prior statement. See Andrade, 538 U.S. at 75-76; Williams, 529 U.S. at 405-07; Strickland, 466 U.S. at 687-89.

**D. Failure to effectively cross-examine Deputy Sheriff Marquez**

Petitioner contends that trial counsel provided ineffective assistance of counsel because counsel failed to ask Deputy Sheriff Marquez during cross-examination about the results of the on-scene show-up, in which the victim's sister identified another individual as the shooter. (Doc. No. 1 at 20; Doc. No. 21-1 at 13; Doc. No. 24 at 5.) However, the appellate court noted that "[a]lthough the victim's sister initially identified another person as the perpetrator, she later positively identified Walton. Opening up this line of inquiry would have led to further corroboration of the victim's version of events and the appellate record clearly shows trial counsel made a deliberate tactical choice not to do this." (Lodgment No. 12 at 5.)

The evidence shows that the witness originally based her identification on the suspect's clothes, but in later questioning, the witness positively identified Petitioner as the shooter and stated that she saw Jackson in the car and heard Jackson say "get him, get him" just before the first shot fired. (Doc. No. 1, Ex. D; Lodgment No. 1 at 170-71.) Under the circumstances, Petitioner has not supported his claim for ineffective assistance of counsel on this ground. See Strickland, 466 U.S. at 687-89.

**E. Failure to object to the prosecutor's alleged misleading and false assertions**

Finally, Petitioner contends that trial counsel provided ineffective assistance of counsel because counsel failed to object during the prosecutor's opening and closing argument when the prosecutor misrepresented to the jury the contents of the 911 recording. (Doc. No. 1 at 22-23; Doc. No. 24 at 5-6.) Petitioner argues that the prosecutor misled the jury when she told the

jury that the victim said, "it was Sessely's boyfriend" on the 911 recording during her opening statement. (Doc. No. 1 at 22; Doc. No. 24 at 5.) Petitioner further asserts that the prosecutor made an untrue statement during her closing argument when she stated that on the 911 tape Jimmy Satchor said, "he walked up on Sessely's boyfriend." (Doc. No. 1 at 22; Doc. No. 24 at 5.) Petitioner maintains that the 911 tape does not contain those statements and that defense counsel's failure to object prejudiced Petitioner because the prosecutor used the misleading statements to influence the jury. (Doc. No. 1 at 22-23; Doc. No. 24 at 6.)

The prosecutor and defense counsel disagreed about the contents of the tape because some of the statements, including statements allegedly identifying Petitioner, were "faint or otherwise difficult to discern." (Lodgment No. 12 at 5-6.) However, the phrase "Sessely's boyfriend" appears twice in the 911 recording transcript. (Doc. No. 1, Ex. E.) The prosecutor argued that the phrase "Sessely's boyfriend" identified the shooter, but admitted, before playing the recording for the jury during her closing argument, that it was difficult to tell, and that the jury would be required to listen to the recording and decide for themselves whether that phrase was a reference to the shooter. (Lodgment No. 15 at 433-34.) Additionally, defense counsel argued to the jury that the recording is confusing, that the people speaking are near-hysterical, and if the jury listens closely, it may not hear a voice implicating Petitioner. (Id. at 445.) Moreover, the trial court instructed the jury, immediately before opening statements and again immediately before closing arguments, that the statements of counsel were not evidence, and instructed the jury that if anything counsel said conflicted with the court's instructions, the instructions must be followed. (Doc. No. 15 at 51, 404, 420.)

Thus, the contents of the 911 call were a proper subject for argument and there appears to have been no basis for an objection by defense counsel based on the prosecutor's statements. Accordingly, Petitioner has not supported his claim for ineffective assistance of counsel concerning the prosecutor's interpretation of the 911 call and the defense's decision to address it through argument, not objection. See Andrade, 538 U.S. at 75-76; Williams, 529 U.S. at 405-07; Strickland, 466 U.S. at 687-89.

The Court concludes that the denial of Petitioner's ineffective assistance of trial counsel

1   claim was neither contrary to, nor involved an unreasonable application of, clearly established

2   federal law, and was not based on an unreasonable determination of the facts. <u>See</u> 28 U.S.C.

3   § 2254(d); <u>Andrade</u>, 538 U.S. at 75-76; <u>Williams</u>, 529 U.S. at 405-07. Accordingly, the Court

4   DENIES the Petition with respect to Petitioner's first claim.

5   **III. Ineffective Assistance of Appellate Counsel Claim.**

6       Petitioner next contends that his appellate counsel violated his Sixth Amendment right

7   to effective assistance of counsel when his appellate counsel (a) failed to argue that the

8   recording of the 911 call played to the jury violated Petitioner's Fifth, Sixth, and Fourteenth

9   Amendment rights to confront and cross-examine the caller; (b) failed to argue that the trial

10   court abused its discretion when it ruled that the 911 tape was admissible under the excited

11   utterance exception to the hearsay rule and did not deprive Petitioner of his right to a fair trial

12   and to due process as protected by the Fifth and Fourteenth Amendments; and (c) raised

13   meritless  issues on direct appeal. (Doc. No. 1 at 25-31; Doc. No. 21-1 at 19-27; Doc. No. 24

14   at 7-9.)

15       **A. Confrontation Clause**

16       Petitioner claims that appellate counsel should have raised a claim challenging the

17   admissibility of the 911 recording on the basis that its admission violated Petitioner's right to

18   confront and cross-examine the person heard on the recording under the Confrontation Clause

19   of the Sixth Amendment. (Doc. No. 1 at 27-28; Doc. No. 24 at 8.) The state appellate court

20   denied the Petitioner's claim stating that Petitioner did not meet his burden demonstrating

21   ineffective appellate counsel because the statements on the 911 tape were non-testimonial and

22   therefore did not violate Petitioner's right to confront witnesses. (Lodgment No. 12 at 3.)

23       The <u>Strickland</u> two-prong test applies to appellate counsel as well as trial counsel.  <u>See</u>

24   <u>Smith v. Robbins</u>, 528 U.S. 259, 285 (2000); <u>Smith v. Murray</u>, 477 U.S. 527, 535-536 (1986).

25   The failure to raise meritless or untenable claims does not constitute ineffective assistance. <u>See</u>

26   <u>Featherstone v. Estelle</u>, 948 F.2d 1497, 1507 (9th Cir. 1991) (where "trial counsel's

27   performance, although not error-free, did not fall below the <u>Strickland</u> standard[,] ... petitioner

28   was not prejudiced by appellate counsel's decision not to raise issues that had no merit.");

Baumann v. United States, 692 F.2d 565, 572 (9th Cir. 1982) (stating that attorney's failure to raise meritless legal argument does not constitute ineffective assistance).

"The Sixth Amendment's Confrontation Clause provides that, '[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him.' We have held that this bedrock procedural guarantee applies to both federal and state prosecutions." Crawford v. Washington, 541 U.S. 36, 42 (2004) (citing Pointer v. Texas, 380 U.S. 400, 406 (1965)). In Leavitt v. Arave, 383 F.3d 809, 830 (9th Cir. 2004), the Ninth Circuit applied Crawford to the victim's 911 call to the police regarding an attempted break-in to her home the night before her death. The court found the victim's statements during the 911 call did not fall within the testimonial examples in Crawford because the victim initiated the call, the police made no attempt to interrogate her, and she only sought the police's help in ending a frightening intrusion into her home. Id. n.22.  The Ninth Circuit held that the victim's highly agitated statements to the police did not implicate "the principal evil at which the Confrontation Clause was directed[:] ... the civil-law mode of criminal procedure, and particularly its use of ex parte examinations as evidence against the accused." Id. (citing Crawford, 541 U.S. at 67). Thus, the court held the statements properly came in under the excited utterance exception and did not violate the defendant's confrontation rights. Id.

The appellate counsel did not violate Petitioner's rights under the Confrontation Clause. The statements during the 911 call here were non-testimonial and properly admitted under the excited utterance exception to the hearsay rule. See 383 F.3d at 830. Like the victim's agitated statements in Leavitt, the voices on the 911 recording were near-hysterical and consisted mainly of pleas to help the victim. (Lodgment No. 1 at 21-23.) Indeed, even to the extent the phrase "Sessely's boyfriend" can be understood as an attempt by the caller to identify Petitioner as the shooter, the first use of that phrase was before the caller was aware the dispatcher answered the 911 call, and the caller repeatedly ignored the operator's repeated requests of "who did it." (Doc. No. 1 at 27-28.) Therefore, Petitioner has not shown that the statements during the 911 call were testimonial. Accordingly, Petitioner has not shown ineffective assistance of appellate counsel. See Leavitt, 383 F.3d at 830.

**B. Abuse of discretion**

Petitioner next contends his appellate counsel should have raised a claim alleging that the trial court abused its discretion in finding the 911 recording admissible under the excited utterance exception to the hearsay rule. (Doc. No. 1 at 29-31; Doc. No. 21-1 at 25-27.) The state appellate court denied this claim stating that admission of the tape fell within Cal. Evid. Code § 1240 because the statements on the recording described events perceived by the speakers while the speakers were under the stress of excitement cause by the events of the shooting. (Lodgment No. 12 at 3.)

To the extent Petitioner has presented this claim as an issue of state law (see Doc. No. 1 at 29-31; Doc. No. 21-1 at 24-26), it does not provide a basis for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (holding that federal habeas relief does not lie for errors of state law). However, a federal habeas petitioner may be entitled to relief if the petitioner shows that a state court's error rendered his trial fundamentally unfair and resulted in actual prejudice. See Brecht, 507 U.S. at 622, 638; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 897 (9th Cir.1996) (citing Kealohapauole v. Shimoda, 800 F.2d 1463, 1465 (9th Cir.1986)).

Petitioner has not met his burden establishing that the introduction of the 911 recording rendered his trial fundamentally unfair because Petitioner has not identified any constitutional right that was infringed as a result of the 911 call. The 911 statements did not violate Petitioner's right to confrontation and cross-examination because the statements constituted non-testimonial evidence that did not invoke rights protected by the Confrontation Clause of the Sixth Amendment. See Leavitt, 383 F.3d at 830. Additionally, while the prosecutor argued that the voices on the recording could be interpreted as identifying Petitioner as the shooter, the defense counsel effectively countered that argument in his statements, and the jury ultimately decided the issue. The tape conveyed an accurate recording of the events immediately after the shooting and the tape was properly admitted. (Lodgment No. 12 at 3.) The adjudication of the admissibility of the 911 tape was neither contrary to, nor involved an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d); Andrade, 538 U.S. at 75-76;

08cv02131

1  <u>Williams</u>, 529 U.S. at 405-07.

2  **C. Issues raised on appeal**

3  Lastly, Petitioner contends that appellate counsel provided ineffective assistance

4  because counsel raised issues the appellate courts deemed either meritless or frivolous. (Doc.

5  No. 1 at 26.) However, Petitioner has neither identified claims which, if they had been raised

6  on direct appeal, would provided relief, nor has Petitioner met his burden to demonstrate

7  prejudice from counsel's performance. The state appellate court addressed his Confrontation

8  Clause and abuse of discretion claims on the merits and found those claims did not provide

9  relief. (Lodgment No. 12.)

10  The Court therefore concludes that the denial of Petitioner's ineffective assistance of

11  appellate counsel claim was neither contrary to, nor involved an unreasonable application of,

12  clearly established federal law, and was not based on an unreasonable determination of the

13  facts. <u>See</u> 28 U.S.C. § 2254(d); <u>Andrade</u>, 538 U.S. at 75-76; <u>Williams</u>, 529 U.S. at 405-07.

14  Accordingly, the Court DENIES the Petition with respect to Petitioner's second claim.

15  Additionally, the Court DENIES Petitioner's request for an evidentiary hearing because

16  Petitioner's claims can be resolved on the basis of the record before the Court. <u>See</u> <u>Bahor v.</u>

17  <u>Risely</u>, 730 F.2d 1228, 1233 (9th Cir. 1984).

18  **Conclusion**

19  For the reasons stated above, the Court **ADOPTS** the R&R, **DENIES** the Petition for

20  Writ of Habeas Corpus, and **DENIES** a Certificate of Appealability.

21  **IT IS SO ORDERED.**

22  DATED: February 17, 2010

23  _____

24  MARILYN L. HUFF, District Judge
   UNITED STATES DISTRICT COURT

25

26  COPIES TO:
   All parties of record.

27

28

08cv02131